UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONROE ONE STOP, L.L.C. and D & M
DEVELOPERS, L.L.C.,

    Plaintiffs,

v.

GOLD HOUSE CENTURY 21, *et al*.,

    Defendants.
    _____/

Case No. 09-10501

Honorable John Corbett O'Meara

## ORDER GRANTING DEFENDANT MARSELLA'S
## APRIL 20, 2010 MOTION TO DISMISS

This matter came before the court on defendant Larry Marsella's April 20, 1010 motion to dismiss. Plaintiff D & M Developers ("D & M") filed a response June 30, 2010; and Marsella filed a reply July 6, 2010. Oral argument was heard July 29, 2010.

### BACKGROUND FACTS

Plaintiff D & M attempted to obtain a non-conventional loan through defendant Raj Shergill. Shergill introduced Plaintiff to defendant Art Shelton, who in turn forwarded the loan request to defendant Larry Marsella. Marsella forwarded the loan request to defendant Highbank, a potential lending source that ultimately declined Plaintiff's loan request.

In addition, plaintiff D & M and Marsella entered into a written contract in which Plaintiff agreed to pay him $32,000 for finding a potential lender. Although not dispositive here, the agreement also provided that Marsella's fee was "earned and non-refundable." After Highbank declined the loan "application," Plaintiff sued everyone along the chain, claiming violations of the RICO Act in Counts I and II based on alleged predicate acts of mail and wire fraud, as well as

breach of contract and fraudulent misrepresentation. The court previously dismissed the two state law claims. Only Count I pertains to defendant Marsella, who filed this motion to dismiss.

## LAW AND ANALYSIS

A party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This court has previously found that

> Courts have been particularly sensitive to Fed. R. Civ. Pro. 9(b)'s pleading requirements in RICO cases in which the 'predicate acts' are mail fraud and wire fraud, and have further required specific allegations as to *which* defendant caused *what* to be mailed (or made which telephone calls), and *when* and *how* each mailing (or telephone call) furthered the fraudulent scheme.

Gotham Print, Inc. V. American Speedy Printing Centers, Inc., 863 F. Supp. 447, 458 (E. D. Mich. 1994)(emphasis in original).

The RICO statute makes it unlawful for "a person employed by or associated with any enterprise engaged in, or the activities which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, though a patten of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1982(c).

In order to establish a claim under the statute, plaintiffs must show conduct of an enterprise, in interstate commerce, through a pattern of racketeering activity. Sedima, S.P.R.L. v. Imrex Co. Inc., 473 U.S. 479, 495-96 (1985). "To conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs, one must participate in the operation or management of the enterprise itself." Reves v. Ernst & Young, 507 U.S. 170, 185 (1993).

In this case Plaintiff has failed to allege, much less point to any evidence to show, that Marsella and the other defendants formed an ongoing enterprise that functioned as a continuing unit separate from the alleged pattern of racketeering activity. Plaintiff has failed to show that any

individual defendant conducted or participated in the conduct of any alleged enterprise other than his own business entity, and Plaintiff has further failed even to allege that these various entities constituted a single enterprise or functioned as a continuing organization apart from the mail and wire fraud alleged. See Wheeling, Inc. v. Stelle, 2000 WL 791782 (E.D. Mich.)

In order to establish a RICO claim, plaintiffs must also establish a "pattern" of racketeering activity by showing a relationship between a pattern of predicate, fraudulent acts and the threat of continuing fraudulent activity into the future. In this case, Plaintiff has alleged a denial of a single loan request, although to its response brief D & M attached the 13-page affidavit of Surjit Singh, who claims to have been defrauded by Defendants in the same manner as alleged in the instant complaint. Even though the RICO statute requires a pattern to be at least two predicate acts, the Court of Appeals for the Sixth Circuit rejected a claim under the Act when a plaintiff alleged only five acts over a short period of time. See Saglioccolo v. Eagle Ins. Co., 112 F.3d 226 (6th Cir. 1997)(citing an earlier case affirming dismissal of a RICO claim containing claims of continuity over a period of "only 17 months"). D & M attempts to use the Singh affidavit to show that he too claims he was defrauded by these defendants. However, Singh is not a party to this case and has not filed a claim for relief against these defendants.

D & M concluded in its response brief:

> To summarize the action before this Court, 'There is something rotten in the State of Denmark.' Shakespeare's *Hamlet*, Act I, Scene 4. Maybe the quote should more accurately involve the state of Finland [defendant Highbank's location], and the United States of America, at least when one deals with the Defendants Marsella and TLD in this truly tragic tale of deceit and fraudulently induced broken promises.

Plaintiff's resp. br. at 11. The statement shows that plaintiff D & M has failed to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Instead, Plaintiff seeks

additional time for discovery in an attempt to find facts upon which to base its case. As the this court has previously held, Rule 9(b)'s pleading requirements in RICO cases involving alleged mail fraud and wire fraud demand more. Accordingly, defendant Marsella is entitled to dismissal of the claims against him.

## **ORDER**

It is hereby **ORDERED** that defendant Marsella's April 20, 2010 motion to dismiss is **GRANTED.**

s/John Corbett O'Meara  
United States District Judge

Date: August 3, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 3, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager